NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAMMY RIZZOLO DANISE, on behalf of herself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAXON MORTGAGE SERVICES, INC., et al.,<br><br>Defendants. | Civil Action No.: 15-06062 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Plaintiff's filing of a motion for reconsideration of this Court's December 19, 2016 Order and Opinion, in which the Court granted motions to dismiss Plaintiff's Amended Complaint. Defendants Ocwen Loan Servicing, Inc. ("Ocwen") and Saxon Mortgage Services, Inc. ("Saxon"), have both opposed Plaintiff's motion for reconsideration. (ECF Nos. 51, 52). Plaintiff has replied to same. (ECF No. 53). Having reviewed all papers filed in support of and in opposition to the pending motion, this Court decides this motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, Plaintiff's motion for reconsideration of this Court's December 19, 2016 Opinion and Order is denied.

## BACKGROUND

The facts of this matter were described in this Court's December 19, 2016 Opinion (the "Opinion"). (ECF No. 48, Opinion, "Op." at 1-4). As such, and in the interests of judicial

economy, the Court includes an abbreviated statement of the factual and procedural history to the extent such background is relevant to the instant motion.

This action relates to a real estate loan entered into between Plaintiff Tammy Rizzolo Danise and Defendant Saxon, which loan was later transferred to Defendant Ocwen. (*See* Op. at 1-2). Plaintiff alleges that for reasons related to Defendants' allegedly unlawful conduct with respect to her mortgage loan, in October 2010, she was unable to make her mortgage payments and therefore filed a voluntary petition under Chapter 13 of the Bankruptcy Code. (Id. at 3). The bankruptcy court issued Plaintiff an Order of Discharge in March 2015.

Plaintiff commenced this action on or about May 29, 2015, in the Superior Court of New Jersey, Morris County, Law Division, asserting claims against both Defendants for breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel and violation of the New Jersey Consumer Fraud Act ("NJCFA"), and a claim against Defendant Ocwen for violation of the Fair Debt Collection Practices Act ("FDCPA"). (ECF No. 1, Notice of Removal ¶ 1; ECF No. 36, First Amend. Compl., "FAC" at 31-39).

Defendants moved for dismissal of these claims on October 18, 2016. (ECF Nos. 39, 40). Those motions were fully briefed. On December 19, 2016, this Court issued an Opinion and Order granting Defendants' motions to dismiss on the grounds that the claims alleged in Plaintiff's Amended Complaint were barred by the doctrine of judicial estoppel. Applying the doctrine of judicial estoppel to the facts and arguments before the Court, the Undersigned found: (1) that Plaintiff's failure to identify the claims asserted in her pleadings "during the entirety of the bankruptcy proceedings is inconsistent with her filing of the instant lawsuit a mere three months after she received an order of discharge"; (2) that Defendant knew of her claims during the pendency of the bankruptcy proceedings and had a motive to conceal same, and; (3) that Plaintiff

2

has not suggested any sanctions lesser than dismissal. Plaintiff filed the instant motion for reconsideration on January 17, 2017. That motion is fully briefed, and is now ripe for the Court's adjudication.

## LEGAL STANDARD

"[R]econsideration is an extraordinary remedy that is granted 'very sparingly.'" L. Civ. R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003) (Martini, J.)); *see also Fellenz v. Lombard Investment Corp.*, 400 F.Supp.2d 681, 683 (D.N.J. 2005) (Thompson, J.). A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F.Supp.2d 349, 352 (D.N.J. 2001) (Walls, J.). To prevail on a motion for reconsideration, the moving party must "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i).

The Court will reconsider a prior order only where a different outcome is justified by: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug.16, 2010) (*citing United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008)). "Thus, a party must ... demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* "Mere 'disagreement with the Court's decision' does not suffice." *Id.* (*quoting P. Schoenfeld,* 161

3

F.Supp.2d at 353). Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." *McGovern v. City of Jersey City,* Civ. No. 98–5186, 2008 WL 58820, at *2 (D.N.J. Jan.2, 2008).

## DISCUSSION

Plaintiff argues that the Court "overlooked matters that would result in a different outcome." (Pl.'s Mov. Br. at 4). First, Plaintiff states that the Court overlooked the fact that, as pled in her Amended Complaint, Plaintiff's FDCPA claim against Ocwen accrued after her bankruptcy was discharged. (Id. at 4-5). Specifically, Plaintiff notes that her Amended Complaint indicates that "Ocwen notified her one month after her discharge, on April 10, 2015, that it had been improperly calculating the amount she was required to pay on her mortgage loan." (Id. at 5).

Plaintiff has not referred the Court to any page in her briefs opposing Defendants' motions, nor has the Court been able to independently locate same, in which she argued that her FDCPA claim against Ocwen accrued after her bankruptcy discharge. In fact, in her brief in opposition to Ocwen's motion to dismiss, Plaintiff simply referred the Court to her brief in opposition to Saxon's motion, neglecting to make any specific arguments in opposition to Ocwen's claims of res judicata. (ECF No. 11 at 11).

Yet Plaintiff's opposition to Saxon's motion likewise failed to make any arguments specific to Plaintiff's FDCPA against Ocwen. In fact, Plaintiff's Saxon's opposition does not once even mention the FDCPA. Because a Court cannot "overlook" an argument that was never before it, Plaintiff's argument with respect to her FDCPA claim is flawed. The Court, therefore, declines to address this new argument. *See, e.g., Feit v. Great-West Life and Annuity Ins. Co.*, 460 F. Supp. 2d 632, 43 (D.N.J. 2006) ("[M]otions for reconsideration 'are not an opportunity to argue what

could have been, but was not, argued in the original set of moving and responsive papers.'") (quoting *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001)).

Second, Plaintiff appears to argue that the Court erred as a matter of law with respect to its finding that Plaintiff had knowledge of its claims during the five-year bankruptcy proceedings—a finding which was material to Court's res judicata analysis. (Pl.'s Mov. Br. at 8-9). Specifically, the Court determined that "the procedural history of this case indicates that Plaintiff was aware of all of the facts underlying the present claims prior to filing a petition for bankruptcy." (Op. at 9).

Plaintiff contends that, rather than finding that the sequence of events gave rise to an inference that Plaintiff had knowledge of her claims, the Court should have, under the Rule 12(b)(6) standard, merely accepted as true Plaintiff's representations that she was not aware of her claims. (Id.). Additionally, Plaintiff argues that "[i]n placing the burden to come forward with additional information to rebut the adverse inference, Plaintiff would have been compelled to waive her attorney client privilege. Indeed, the Court noted that attorney Russell Warren was her bankruptcy counsel, as well as one of her counsel in this action." (Pl.'s Mov. Br. at 9). Lastly, Plaintiff asks the Court for permission to present declarations from Plaintiff and her attorney, "*in camera*, to set forth the means and time by which she acquired knowledge of her claims against" the Defendants. (Id.).

Contrary to Plaintiff's belief, this Court was not required to accept as true Plaintiff's representations that she was not aware of the existence of her claims during her bankruptcy proceedings. As the Court recognized in its Opinion, the Third Circuit has held that "a rebuttable inference of bad faith arises when averments in the pleadings demonstrate both knowledge of a claim and a motive to conceal that claim in the face of an affirmative duty to disclose." *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 321 (3d Cir. 2003).

Accordingly, having found: (1) that "the procedural history of this case indicate[d] that Plaintiff was aware of all of the facts underlying the present claims prior to filing a petition for bankruptcy," and (2) that "Plaintiff indeed had a motivation to conceal her claims from the bankruptcy court," the Court did not err in stating that Plaintiff had failed to refute the inference of bad faith. Moreover, by mentioning by way of a footnote that Plaintiff was represented by the same attorney in this matter as during her bankruptcy proceedings, the Court in no way suggested that Plaintiff needed to waive any attorney-client privilege in order to rebut the inference of knowledge.

With respect to Plaintiff's belated request to file a declaration in opposition to Defendants' already-resolved motions to dismiss, the Court will deny that request. Plaintiff had every opportunity in litigating the underlying motion to refute Defendants' arguments that res judicata barred her claims. She is not now entitled to a "second bite of the apple." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995).

## CONCLUSION

For the reasons stated herein, Plaintiff's motion for reconsideration of this Court's December 19, 2016 Opinion and Order is DENIED. An appropriate Order accompanies this Opinion.

IT IS SO ORDERED.

DATED: March 3rd, 2017

JOSE L. LINARES, U.S.D.J.

6